UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 4:21-cr-00020-CEA-CHS |
| v. ) | |
| ) | |
| JAMES DUTTON ) | |
| ) | |

## REPORT AND RECOMMENDATION

**I.  Introduction**

This matter is before the Court upon Defendant James Dutton's Motion to Suppress [Doc. 92] which the District Court has referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). The undersigned originally entered a Report and Recommendation [Doc. 107] addressing the motion on March 17, 2023. However, Defendant filed—for the first time—a Motion for *Franks* Hearing [Doc. 109] on March 31, 2023. Consequently, the undersigned withdrew the original report and recommendation pending resolution of the *Franks* motion. [*See* Doc. 112]. On June 12, 2023, the undersigned entered an Order [Doc. 117] denying the *Franks* motion in its entirety. Therefore, Defendant's Motion to Suppress [Doc. 92] is again ripe for adjudication.

By way of reminder, on March 22, 2021, police executed a search warrant at Defendant's residence in Franklin County, Tennessee. Defendant seeks to suppress evidence found during the search of the premises and vehicles. For the reasons stated herein, it is **RECOMMENDED** that the motion to suppress be **DENIED**.

II. Facts

On March 22, 2021, Investigator Brian Brewer applied for a search warrant. After recounting Investigator Brewer's law enforcement history, the affidavit supporting probable cause says:

> The affiant states that in his capacity as a law enforcement officer he has become familiar with the subject(s) known as James Dutton, and through an investigation conducted by the affiant, he has become familiar with James Dutton and his involvement with the drug methamphetamine.
>
> The affiant, Investigator Brian Brewer, states that he has received information from a confidential informant about James Dutton. The said confidential informant has given law enforcement officials information in the past which has led to felony drug cases and felony drug arrests. Investigator Brian Brewer, states that he has known the said confidential informant for less than 5 year. Investigator Brian Brewer believes the confidential informant to be truthful and reliable about the subjects James Dutton and their involvement in the distribution of the drug methamphetamine a schedule II controlled substance. The confidential informant has been on the property of James Dutton within the past 72 hours of the signing of this search warrant and affidavit. The said confidential informant has stated to Investigator Brian Brewer that he/she has seen a quantity of methamphetamine in the living area of James Dutton residence. The confidential informant is familiar with the drug methamphetamine and knows what the drug looks like.

[Doc. 93-1 at 2].

After reviewing the affidavit, a judge signed the search warrant. *Id.* When agents executed the warrant later on March 22, 2021, they seized: (1) a magnetic box attached under a vehicle "containing digital scales, plastic baggies, and approximately 2 ounces of methamphetamine"; (2) a "Bersa .380 handgun with altered/destroyed serial number"; (3) "$1600 in U.S. currency"; and (4) "2 baggies containing green leafy material believed to be marijuana." *Id.* at 1.

### III. Standard of Review

As indicated above, Defendant has not alleged legitimate grounds for a *Franks*[1] hearing. Defendant's legal challenges under his present Motion to Suppress [Doc. 92] relate solely to the sufficiency of the search warrant. In such situations, "[w]ith great deference toward the issuing judge's determination, federal courts examine the affidavit's four corners to determine whether, under the totality of the circumstances, the low bar of probable cause has been overcome." *United States v. Moore*, 999 F.3d 993, 996 (6th Cir. 2021). "Courts should review the sufficiency of an affidavit underlying a search warrant in a commonsense, rather than hypertechnical, manner. *United States v. Miller*, 314 F.3d 265, 269 (6th Cir. 2002). Additionally, an "affidavit is judged on the adequacy of what it does contain, not on what it lacks, or on what a critic might say should have been added." *United States v. Thomas*, 605 F.3d 300, 309 (6th Cir. 2010).

### IV. Discussion

#### A. Staleness of Information in the Affidavit

Defendant states that the choice of words in the affidavit leaves open the possibility that the confidential informant ("CI") had not seen the methamphetamine in the living area of Defendant's residence within 72 hours of the search warrant application. [Doc. 93 at 3]. Admittedly, Defendant's argument does present one possible interpretation of the affidavit; however, the more commonsense approach would lead the issuing judge to infer that the viewing of the methamphetamine occurred within 72 hours of the application. And, as indicated, the Court

---

[1] The undersigned denied Defendant's Motion for *Franks* Hearing [Doc. 109] by Order dated June 12, 2023 [Doc. 117]. For a defendant to challenge the truthfulness of the information in a search warrant affidavit, *Franks v. Delaware*, requires that he "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and [ ] the allegedly false statement is necessary to a finding of probable cause." 438 U.S. 154, 155-56 (1978). Here, Defendant has not met that standard.

is charged with the responsibility to review the affidavit in support of the search warrant in a commonsense rather than a hypertechnical manner.

Defendant also claims that the staleness of information in the affidavit demands a four-prong review under *Gardiner v. United States*, 463 F.3d 445 (6th Cir. 2006). *Id.* at 2. "In reviewing whether a probable cause finding is stale, this court should consider the defendant's course of conduct, the nature and duration of the offense, the nature of the relevant evidence, and any corroboration of the information." *United States v. Jackson*, 470 F.3d 299, 308 (6th Cir. 2006) (quoting *Gardiner*, 463 F.3d at 471). Defendant claims: (1) "there was no 'course of conduct' provided in the affidavit"; (2) there was no "nature and duration of the offense" to review; (3) "specific and articulable facts" were inadequate to review "the nature of the relevant evidence"; and (4) corroboration of information was inadequate. [Doc. 93 at 4]. However, analysis of these details is unnecessary when Defendant's original contention regarding staleness is unavailing. In other words, a deep dive into the particulars of staleness is extraneous when there is no ambiguity to resolve regarding when the methamphetamine was seen at Defendant's residence. Further, the Sixth Circuit has rejected staleness arguments in sufficiently analogous cases, including *Jackson*. *See Jackson*, 470 F.3d at 308 (collecting cases).

Therefore, the issuing judge's probable cause determination was not improper due to staleness.

### B. Credibility of the CI

Defendant argues that evidence of the CI's credibility was inadequate. [Doc. 93 at 6]. Specifically, Defendant argues that the CI was unnamed, the CI's reliability was not supported by specific facts, and the affidavit lacked corroboration of the CI's information. *Id.* at 7-11.

In *United States v. Moore*, the Sixth Circuit upheld a probable cause determination from an affidavit that stated:

> On October, 25, 2008 Det. Sathongnhoth did speak with a reliable informant who has given information in the past in regards to narcotics trafficking resulting in two seizures of narcotics[.] The reliable informant stated that he/she has been at the above described residence within the past five (5) days of October 25, 2008 and has seen the above described storing and selling cocaine at the above named address.

661 F.3d 309, 311 (6th Cir. 2011).

Notably, the Court found that "[t]he affidavit identifies a reliable informant and establishes that informant's basis for knowledge that drugs or drug paraphernalia will be found at the residence in question." *Id.* at 312.

In *United States v. Finch*, the Sixth Circuit also upheld a probable cause determination, this time from an affidavit that stated:

> [A]ffiant has talked with a reliable informant of Memphis, Shelby County, Tennessee who has given the affiant other information in the past which has been found to be true and correct, and which has resulted in several narcotic arrests and drug seizures. This reliable informant stated that within the past five (5) days of January 19, 1991, this reliable informant has been inside the above described residence and has seen the above described person storing and selling Cocaine inside this residence.

998 F.2d 349, 352 (6th Cir. 1993).

Investigator Brewer's affidavit contains language sufficiently analogous to *Moore* and *Finch* to adequately support the credibility of the CI. Thus, probable cause is not lacking on that account.

## V. Conclusion

For the reasons stated herein, it is **RECOMMENDED**[2] that Defendant's Motion to Suppress [Doc. 92] be **DENIED**.

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a forfeiture of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).