UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Case No. 4:21-cr-20 |
| v. | ) | |
| | ) | Judge Atchley |
| JAMES DUTTON | ) | Magistrate Judge Steger |

# MEMORANDUM OPINION AND ORDER

On June 12, 2023, U.S. Magistrate Judge Christopher H. Steger issued an Order [Doc. 117] denying Defendant James Dutton's Motion for Franks Hearing [Doc. 109]. After Defendant filed legally insufficient objections to the Order, the undersigned construed the Order [Doc. 117] as a Report and Recommendation and gave Defendant 14 days to file proper objections thereto. [Doc. 123]. On June 21, 2023, Judge Steger issued a Report and Recommendation [Doc. 118] recommending that Defendant James Dutton's Motion to Suppress [Doc. 92] be denied. Defendant has now filed amended objections to both R&Rs and the Government has responded.

For reasons that follow, Defendant's objections [Docs. 124 & 125] will be **OVERRULED**. The Report and Recommendation [Doc. 117], recommending that the Motion for Franks' Hearing [Doc. 109] be denied will be **ACCEPTED** and **ADOPTED**. The Report and Recommendation [Doc. 118] recommending that the Motion to Suppress [Doc. 92] be denied will likewise be **ACCEPTED** and **ADOPTED**. Defendant's Motion for Franks Hearing [Doc. 109] and Motion to Suppress [Doc. 92] will be **DENIED**.

    I.    FACTUAL AND PROCEDURAL BACKGROUND

Defendant filed a Motion to Suppress [Doc. 92] on January 10, 2023. After briefing, Judge Steger issued a Report and Recommendation [Doc. 107], recommending the motion be denied. Defendant filed an Objection [Doc. 108] and a Motion for Hearing per Franks v. Delaware [Doc.

1

109]. Judge Steger therefore withdrew his R&R pending a ruling on the Motion for Franks Hearing. [Doc. 112]. Following additional briefing, Judge Steger entered an Order [Doc. 117] denying Defendant's Motion for Franks Hearing [Doc. 109] and then entered a second R&R [Doc. 118] on the Motion to Suppress [Doc. 92].

On July 3, 2023, Defendant filed an Objection to the R&R [Doc. 119] and a Notice of Objection to Magistrate Judge's Order Denying Franks Hearing [Doc. 120]. Both objections referred the Court to prior briefing without setting forth any specific argument or objection. The Court therefore overruled them without prejudice to refiling. [Doc. 123]. The Court also noted that Federal Rule of Criminal Procedure 59(a) permits a district judge to refer to a magistrate judge any matter that does not dispose of a charge or offense, excluding, *inter alia*, a motion to suppress. Out of an abundance of caution, the Court construed Judge Steger's Order [Doc. 117] denying the motion for Franks hearing as a report and recommendation. The Court advised Defendant of this construction and gave Defendant an additional fourteen days to file objections to both R&Rs.

On July 21, 2023, Defendant filed an Amended Notice of Objection to Magistrate Judge's Ruling [Doc. 124] and an Amended Objection to Report and Recommendation [Doc. 125], to which the Government responded. Again, the Court construes both of the Magistrate Judge's submissions as R&Rs and has put Defendant on notice of the same.

Both the Motion for Franks Hearing [Doc. 109] and Motion to Suppress [Doc. 92] focus on an affidavit by Investigator Brian Brewer. On March 22, 2021, Brewer applied for a warrant to search Defendant's residence for methamphetamine and drug paraphernalia. [Doc. 93-1 at 2]. The affidavit states, in pertinent part[1]:

> . . . The affiant further states that in his capacity as a law enforcement officer he has become familiar with the subject(s) known as James Dutton, and through an

---

[1] The affidavit is set forth as written. No corrections have been made for typographical errors.

2

> investigation conducted by the affiant, he has become familiar with James Dutton and his involvement with the drug methamphetamine.
>
> The affiant, investigator Brian Brewer, states that he has received information from a confidetnial informant about James Dutton. The said confidential informant has given law enforcement officials information in the past which has led to felony drug cases and felony drug arrests. Investigator Brian Brewer, states that he has known the said confidential informant for less than 5 year. Investigator Brian Brewer believes the confidential informant to be truthful and reliable about the subjects James Dutton and their involvement in the distribution of the drug methamphetamine a schedule II controlled substance. The confidential informant has been on the property of James Dutton within the past 72 hours of the signing of this search warrant and affidavit. The said confidential informant has stated to Investigator Brian Brewer that he/she has seen a quantity of methamphetamine in the living area of James Dutton residence. The confidential informant is familiar with the drug methamphetamine and knows what the drug looks like.

[Doc. 93-1 at 1-2]. The same day, law enforcement officers executed the warrant at Defendant's residence in Franklin County, Tennessee. The search resulted in the recovery of, *inter alia*, approximately 2 ounces of methamphetamine, a handgun, $1,600 in U.S. currency, and 2 bags containing suspected marijuana. *See* [Doc. 93 at 1].

## II. STANDARD OF REVIEW

The Court is required to perform *de novo* review of any objections to an R&R. 28 U.S.C. § 636(b); *United States v. Quinney*, 238 F. App'x 150, 152 (6th Cir. 2007) ("It is well-settled that upon proper objection by a party, a district court must review de novo a magistrate judge's ruling on a motion to suppress."). The Court can accept, modify, or reject the findings or recommendations – in whole or in part. *United States v. Robinson*, 2007 WL 2139635, at *1 (E.D. Tenn. July 23, 2007).

## III. MOTION FOR FRANKS HEARING

"To obtain a *Franks* hearing, the movant must provide a substantial preliminary showing that a false statement was made either knowingly or intentionally, or with reckless disregard for

3

Case 4:21-cr-00020-CEA-CHS   Document 129   Filed 08/04/23   Page 3 of 11   PageID #: 705

the truth." *United States v. Mastromatteo*, 538 F.3d 535, 545 (6th Cir. 2008). The movant must also show that the allegedly false statement was necessary for the magistrate's determination of probable cause. *Id.* When a *Franks* hearing is sought on the basis of an omission, the movant must make "a strong preliminary showing that the affiant [had] an intention to mislead" and "the omission [must be] critical to the finding of probable cause." *Mays v. City of Dayton*, 134 F.3d 809, 815 (6th Cir. 1998).

Defendant's Memorandum [Doc. 101] in support of his motion for *Franks* hearing focuses on the following excerpt from the Affidavit:

> The confidential informant has been on the property of James Dutton within the past 72 hours of the signing of this search warrant and affidavit. The said confidential informant has stated to Investigator Brian Brewer that he/she has seen a quantity of methamphetamine in the living area of James Dutton residence.

[Doc. 93-1 at 1-2]. Defendant points out that read carefully, the Affidavit only says that (i) the CI has been on the property in the last 72 hours, and (ii) the CI has seen methamphetamine in the living area of the residence. According to Defendant, the Affidavit is worded to give the impression that these things happened at the same time – that the CI was on Dutton's property in the past 72 hours <u>and</u> saw methamphetamine in the living area during that same period. Defendant says this implication is false because the CI had not been in the residence in the prior 72 hours. So while not technically inaccurate, Defendant contends the Affidavit is materially misleading.

Dutton's supporting affidavit explains that he believes the CI to be Patrick Lee Mullican. [Doc. 115-1]. According to Dutton, Mr. Mullican was last in the living area of Dutton's home on March 16, 2021, more than 72 hours before search warrant was signed on March 22nd. [*Id.*]. Dutton avers that Mullican could not have seen "a quantity of methamphetamine" when he was there on March 16, 2021. [*Id.*].

4

Based on Dutton's affidavit, Defendant urges that the wording of the Affidavit creates a false impression that the CI saw methamphetamine in the residence in the prior 72 hours. Defendant argues that Brewer knowingly and intentionally, or with reckless disregard for the truth, implied that the CI had seen methamphetamine in Defendant's residence within 72 of signing the affidavit. [Doc. 110 at 3]. In the alternative, Defendant argues Brewer made a material omission by leaving out the fact that these instances were separate, and did so with the intention to mislead. [*Id.*].

Magistrate Judge Steger rejected this argument, finding that it requires a hypertechnical reading of the Affidavit. [Doc. 117 at 3]. While the two sentences can be read in isolation, Judge Steger reasoned that the commonsense reading is that the CI was on Dutton's property in the preceding 72 hours and saw a quantity of methamphetamine in the living area at that time. [*Id.* at 3-4]. Judge Steger also found that Defendant had failed to produce evidence of a material omission. Even accepting Dutton's averment that the CI did not see methamphetamine in that 72 hours, there is no reason to believe Brewer knew that. And "[i]t is not enough for defendants to show that the affidavit contains false information; in order to obtain a *Franks* hearing, defendants must make a 'substantial preliminary showing' that the false statements originated with the government affiant, not with the informants, or that the government affiant repeated the stories of the affiant with reckless indifference to the truth." *U.S. v. Giacalone*, 853 F.2d 470, 475-76 (6th Cir. 1988). Finally, the Magistrate Judge noted that the relevance of Dutton's affidavit depends on whether he correctly guessed the identity of the CI.

In his Amended Notice of Objection to Magistrate Judge's Ruling [Doc. 124], Defendant raises one issue – the credibility of the CI. But the truthfulness of the CI is not at issue with respect to the *Franks* hearing. The Supreme Court has explained that "[t]he deliberate falsity or reckless

5

disregard whose impeachment is permitted . . . is only that of the affiant, not of any nongovernmental informant." *Franks v. Delaware*, 438 U.S. 154, 171 (1978); *see also Giacalone*, 835 F.2d at 476 ("[I]t is clear that the defendants are not entitled to a *Franks* hearing based on the affidavits submitted by them since those statements do not necessarily call into question the veracity of the *affiant*."). Defendant's amended objection focuses entirely on the reliability of the CI, never arguing that Investigator Brewer knowingly or recklessly made a false statement or omitted facts with an intent to mislead.

As Judge Steger observed, Defendant has not connected any allegedly false statement to a misrepresentation by Investigator Brewer. [Doc. 117 at 3]. Assuming Dutton is right about the identity of the informant and is telling the truth when he says the CI did not see methamphetamine within 72 hours of the affidavit, there is nothing in the record to indicate that Investigator Brewer knew or should have known that. So to the extent Defendant seeks to show Brewer acted recklessly by relying on the CI's information, the Court disagrees. The Affidavit indicates that the CI had previously given law enforcement officials information that led to felony drug cases and arrests.

Defendant has not made a substantial preliminary showing that Investigator Brewer "knowingly and intentionally, or with reckless disregard for the truth, included a false statement or material omission in the affidavit." *United States v. Bateman*, 945 F.3d 997, 1008 (6th Cir. 2019) (stating standard for entitlement to *Franks* hearing). Accordingly, Defendant's Amended Notice of Objection to Magistrate Judge's Ruling [Doc. 124] is **OVERRULED**. Magistrate Judge Steger's Order [Doc. 117], construed as a report and recommendation, is **ACCEPTED** and **ADOPTED**. Defendant's Motion for Franks Hearing [Doc. 109] is **DENIED**.

### IV. MOTION TO SUPPRESS

"Probable cause exists when there is a fair probability, given the totality of the

6

Case 4:21-cr-00020-CEA-CHS   Document 129   Filed 08/04/23   Page 6 of 11   PageID #: 708

circumstances, that contraband or evidence of a crime will be found in a particular place." *United States v. Brown*, 732 F.3d 569, 573 (6th Cir. 2013) (citations and internal punctuation omitted). In determining whether an affidavit supports a magistrate's probable cause determination, the Court "must review the affidavit in a commonsense, rather than a hypertechnical, manner." *Id.* In other words, the Court reviews the affidavit based on "a totality of the circumstances determination, rather than a line-by-line scrutiny." *Id.* (citation omitted).

Defendant's Memorandum [Doc. 93] in support of his motion to suppress argues that the information provided in the search warrant was stale and there was not adequate evidence that the CI was credible. In particular, Defendant contends that on its face, the affidavit does not state when the CI saw methamphetamine in the living area of Dutton's residence. As to credibility, Defendant argues that the Affidavit does not say whether the issuing judge was given the identity of the CI and contains no corroboration of the CI's statements other than his presence on the scene.

Magistrate Judge Steger was not persuaded by these arguments, recommending the Motion to Suppress be denied. [Doc. 118]. First, Judge Steger addressed the language at issue in the *Franks* hearing motion. The R&R acknowledges that the wording of the Affidavit leaves open the possibility that the CI had been on the property within 72 hours but had seen meth in the living area of Dutton's residence on a different occasion at an unspecified time. According to Defendant, this lack of specificity means there was no way for the issuing magistrate to determine whether the information was stale. The Magistrate Judge found that "the more commonsense approach" to the Affidavit is to read the two sentences together, leading the issuing judge to infer that the CI saw methamphetamine within 72 hours of the affidavit. [Doc. 118 at 3-4]. Based on this reading, Judge Steger found it unnecessary to conduct a staleness review under *Gardiner v. United States*, 463 F.3d 445 (6th Cir. 2006).

7

Next, Judge Steger found that the Affidavit sufficiently establishes the credibility of the CI. He compared the Affidavit to those the Sixth Circuit has found sufficient to establish probable cause. [Doc. 118 at 5]. In particular, the R&R cites *United States v. Moore*, in which the affidavit stated:

> On October 25, 2008 Det. Sathongnhoth did speak with a reliable informant who has given information in the past in regards to narcotics trafficking resulting in two seizures of narcotics[.] The reliable informant stated that he/she has been at the above described residence within the past five (5) days of October 25, 2008 and has seen the above described storing and selling cocaine at the above named address.

661 F.3d 309, 311 (6th Cir. 2011). Judge Steger also referenced the affidavit in *United States v. Finch*:

> [A]ffiant has talked with a reliable informant of Memphis, Shelby County, Tennessee who has given the affiant other information in the past which has been found to be true and correct, and which has resulted in several narcotic arrests and drug seizures. This reliable informant stated that within the past five (5) days of January 19, 1991, this reliable informant has been inside the above described residence and has seen the above described person storing and selling Cocaine inside this residence.

998 F.2d 349, 352 (6th Cir. 1993). Based on the similarity between the Affidavit and those in *Moore* and *Finch*, the Magistrate Judge concluded that the CI's reliability was sufficiently established. He therefore recommends the Motion to Suppress [Doc. 92] be denied.

In his Amended Objection to Magistrate Judge's Report and Recommendation [Doc. 125], Defendant argues the ambiguity in the Affidavit distinguishes it from those found sufficient in *Moore* and *Finch*. First, Defendant contends that the Affidavit establishes only that (i) the CI had been on the property within the past 72 hours, and (ii) had at some unspecified time seen a quantity of methamphetamine in the living area of Dutton's home. [Doc. 125 at 2]. Defendant contends that this reading is not hypertechnical, but only a close reading of the Affidavit, which should be required for documents that have constitutional implications. [*Id.*].

Defendant's reading is certainly not implausible, but it asks the Court to engage in exactly the type of "line-by-line scrutiny" of the Affidavit that the Sixth Circuit has repeatedly counseled against. Looking at the totality of the circumstances, the sensible inference is that the adjoining sentences in the Affidavit are related – the CI was on the property within 72 hours and saw methamphetamine in the residence at that time. Moreover, "[a] magistrate's determination of probable cause is afforded great deference by the reviewing court." *United States v. Greene*, 250 F.3d 471, 478 (6th Cir. 2001).

Next, Defendant argues that the affidavits found sufficient in *Moore* and *Finch* are not analogous due to the same purported ambiguity. Defendant argues that in both cases, the CI stated that they had been at the residence within 5 days and had seen contraband at that time. That is true in *Finch*, but not in *Moore*. The *Finch* affidavit states that within the past 5 days, the CI was inside the residence <u>and</u> saw contraband. The first phrase modifies the two subsequent statements, leaving no ambiguity as to whether, in the past 5 days, the CI was inside the residence and saw contraband.

The affidavit in *Moore*, however, is substantially similar to that in the instant case. The only real difference between the two is that the *Moore* affidavit uses the conjunction "and" to connect two statements: the CI had "been at the above described residence within the past five (5) days of October 25, 2008 **and** [had] seen the above described storing and selling cocaine at the above named address." As here, the affidavit does not expressly state that the CI saw contraband within the past 5 days, only that they had been at the residence in the past 5 days and had also seen cocaine at the named address. So while it is not required by the sentence structure, the natural inference is that both of these things happened during the only stated time period. The same is true here. The Supreme Court has often recognized that affidavits "are normally drafted by nonlawyers in the midst and haste of a criminal investigation." *Illinois v. Gates*, 462 U.S. 213, 235 (1983). So

9

"[t]echnical requirements of elaborate specificity" do not apply to evaluating probable cause in a search warrant. *Id.*

Finally, Defendant raises several challenges to the credibility of the CI and hence the existence of probable cause for the search warrant in his Objection to the *Franks* hearing R&R. [Doc. 124]. While these arguments have little relevance to the *Franks* motion, the Court will briefly address them in the suppression context. Defendant lists the following perceived deficiencies: (i) the CI identified only the type of controlled substance and did not state a quantity; (ii) he had not conducted a controlled buy with the Defendant and did not testify at the probable cause hearing; (iii) he was not named in the Affidavit; (iv) Investigator Brewer did not provide any further detail on the CI's credibility; and (v) the Affidavit does not state how long Investigator Brewer had known the CI. In short, Defendant contends that "some degree of corroboration, even minimal, should have been required." [Doc. 124 at 3].

The Sixth Circuit has explained that "the affiant need only specify that the confidential informant has given accurate information in the past to qualify as reliable." *United States v. Keeling*, 783 F. App'x 517, 522 (6th Cir. 2019) (citation omitted); *see also United States v. Allen*, 211 F.3d 970 (6th Cir. 2000) (explaining that "substantial independent police corroboration" is necessary in "the absence of any indicia of the informants' reliability"). And "[e]vidence that an informant was known to the police and had provided reliable information in the past can establish a track record sufficient to show reliability." *Keeling*, 783 F. App'x at 522. Here, the Affidavit states that the CI had given law enforcement information in the past which led to felony drug cases and felony drug arrests. True, the statement that Investigator Brewer "has known the said confidential informant for less than 5 year[s]" is not particularly helpful. Still, the Affidavit establishes that the CI had given information in the past that lead to felony drug arrests.

10

In addition, the information the CI provided to Brewer was firsthand knowledge – direct observation of methamphetamine in the area to be searched. Certainly, the Affidavit could have been clearer and more detailed. Yet the focus of the probable cause inquiry is not what details could have been included, but whether the details actually in the Affidavit are sufficient. Here, the Court finds that the CI's reliability was established by his prior cooperation with law enforcement, which previously led to felony drug arrests. The CI says he knows what methamphetamine looks like and saw it in the living area of Dutton's residence. The search warrant established a "fair probability" that contraband would be found in Dutton's residence.

### III. Conclusion

Accordingly, Magistrate Judge Steger's Order [Doc. 117], construed as a Report and Recommendation recommending the Motion for Franks Hearing [Doc. 109] be denied, is **APPROVED** and **ADOPTED**; Defendant's Motion for Franks Hearing [Doc. 109] is **DENIED**.

The Report and Recommendation [Doc. 118] recommending the Motion to Suppress [Doc. 92] be denied is likewise **APPROVED** and **ADOPTED**; Defendant's Motion to Suppress [Doc. 92] is **DENIED**.

**SO ORDERED**.

/s/ *Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY JR.**
**UNITED STATES DISTRICT JUDGE**